UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARVIN M. NARCISSE,
    *Plaintiff*,

    v.

M. DALPHINE,
    *Defendant*.

No. 3:16-cv-1149 (JAM)

**ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

Following his prosecution in Connecticut state court for an attack on a 77-year-old woman, plaintiff Marvin M. Narcisse was confined at the Whiting Forensic Division of the Connecticut Valley Hospital. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983, alleging that his rights under the Eighth and Fourteenth Amendments were violated when he was denied permission by the hospital to attend his mother's funeral. For the reasons set forth below, I will dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), with leave granted to plaintiff to file an amended complaint within 30 days.[1]

**BACKGROUND**

On the afternoon of December 22, 2011, plaintiff engaged in an unprovoked and horrifying attack on a 77-year-old woman in Bridgeport. *See State v. Narcise*, 2013 WL 2132107, at *1 (Conn. Super. 2013).[2] The woman was walking on the sidewalk away from a

---

[1] Plaintiff was found not guilty by reason of mental disease or defect and was subsequently civilly committed. Accordingly, he is not a "prisoner" within the definition of 28 U.S.C. § 1915A and his complaint is not subject to the screening requirements under § 1915A. *See* 28 U.S.C. § 1915A(c). Nevertheless, his complaint remains subject to 28 U.S.C. § 1915, which governs all proceedings *in forma pauperis*.

[2] Although the Connecticut state court ruling spells plaintiff's name ("Narcise") differently than it is spelled by plaintiff in his papers that have been filed in this Court ("Narcisse"), the state court docket number as reflected in the state court ruling is the same as the state court docket number acknowledged by plaintiff in his petition for writ of habeas corpus that was recently filed and ruled upon by me. *See Narcisse v. Delphin-Rittman*, No. 16-cv-699 (D. Conn. May 13, 2016), Doc. #1 at 1. Accordingly, I conclude that the "Marvin Narcisse" who has filed papers before me is the same as the "Marvin Narcise" who is identified in the state court ruling that is cited above.

grocery store when plaintiff ran up from behind her, tackled her to the ground, and then stabbed her repeatedly in the face with the broken-off stem of a wine glass. *Ibid.* Plaintiff was described by witnesses that day as acting in a deranged rage and had no rational reason for the attack. *Ibid.* The woman was severely and permanently injured. *Id.* at 2. Defendant was charged with attempted murder among other charges, and he was eventually adjudicated by a Connecticut state court judge in April 2013 to be not guilty by reason of mental disease or defect. *Id.* at *2-*5.

The following facts are drawn from plaintiff's complaint in this case and supporting exhibits. On October 4, 2013, plaintiff was committed to the jurisdiction of the Psychiatric Security Review Board ("PSRB") for a length of time not to exceed forty years and confined at the Whiting Forensic Division of the Connecticut Valley Hospital. Since his arrival at Whiting, the PSRB has not authorized any trips for plaintiff outside of the facility except for medical appointments, and even then only under police escort. Doc. #1 at 24.

Plaintiff's mother died on July 29, 2015. Her funeral was held on August 4, 2015. After learning of his mother's death and prior to the funeral, plaintiff submitted requests to attend the funeral to various officials at the Connecticut Valley Hospital. The officials denied plaintiff's requests to attend his mother's funeral. Plaintiff now seeks judgment against defendant for an award of $3 million in damages.

Plaintiff has attached papers to his complaint that I may consider in evaluating the validity of his complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). According to these papers (which include a letter to plaintiff from the chief executive officer of the hospital), plaintiff's request was denied for clinical reasons and in light of "numerous events [at the hospital] when you [plaintiff] have not been able to maintain your composure," as well as in light of information that plaintiff was upset in recent days with his family. Doc. #1 at 20, 24.

Although the hospital acknowledged that it had permitted plaintiff to leave the hospital for medical appointments, it had done so only with plaintiff under a police escort, *id.* at 24, and the hospital's chief executive officer further noted that "it is an extremely rare event to allow a patient from maximum security to attend a funeral in the community." *Id.* at 25. The hospital offered to assist with the planning of a memorial service in honor of plaintiff's mother at the visiting room of the hospital. *Id.* at 22, 25.

Plaintiff also alleges that prisoners and other hospital patients have been permitted to attend family funerals. *Id.* at 14. The papers attached to his complaint reflect that he asked the hospital to identify how many other patients in the past ten years had been permitted to attend funeral services. *Id.* at 21.

## DISCUSSION

A district court must dismiss an *in forma pauperis* action if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In determining whether a case is subject to dismissal, it is well-established that "*pro se* complaints must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff brings this case under 42 U.S.C. § 1983, which creates a federal cause of action against any person who, under color of state law, deprives a citizen or a person within the jurisdiction of the United States of any right, privilege, or immunity secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. Plaintiff names only one defendant, whom he

3

identifies as "State of Connecticut Mental Health Commissioner M. Dalphine M.D." Doc. #1 at 1. The complaint does not name as a defendant any of the officials who were involved with the decision not to release plaintiff and whose names appear on the documents attached to the complaint.

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). Here, plaintiff alleges that he informed administrators at Connecticut Valley Hospital of his desire to attend his mother's funeral, but he does not allege that he contacted defendant, nor that defendant was in any way involved in the decision to deny him permission to attend the funeral. Because plaintiff does not assert that defendant was personally involved in the alleged constitutional deprivation, plaintiff's claims against defendant in her individual capacity are not cognizable under § 1983.

Plaintiff is also barred from bringing a § 1983 claim against this defendant in her official capacity, because state officials sued in their official capacities are immune from suit for damages pursuant to the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (agencies and departments of the state are entitled to assert the state's Eleventh Amendment immunity); *Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) (state, state agencies, and prison officials in their official capacities have Eleventh Amendment immunity from suit seeking monetary damages in § 1983 civil rights action).

Apart from plaintiff's failure to name an appropriate defendant, the complaint does not allege plausible grounds for relief. To the extent that plaintiff asserts a claim of deliberate indifference to his rights, this claim is contradicted by the very documents that are attached to his

complaint that show that his request was given careful consideration and that it was denied for specific clinical reasons and that plaintiff was offered assistance with planning an alternative memorial service on hospital grounds to honor his mother. Plaintiff has not alleged facts that would plausibly support a claim of deliberate indifference to his rights.

Plaintiff otherwise complains that prisoners and other patients at the hospital have been permitted to attend family funerals. Doc. #1 at 14. But to the extent that his complaint might be read to allege a violation of the Equal Protection Clause, it does not plausibly allege facts to suggest that hospital administrators lacked a rational basis to treat plaintiff differently from other patients, in light of his history and recent commitment under a designated maximum security status. *See generally Sensational Smiles, LLC v. Mullen*, 793 F.3d 281, 284 (2d Cir. 2015) (explaining Equal Protection standard of review).

Moreover, any of the putative state official defendants who might be sued by plaintiff would be entitled to claim qualified immunity, which protects officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Here, plaintiff cannot identify any clearly established law that entitles a maximum security psychiatric detainee the right to attend a family funeral. *See, e.g.*, *Roman v. Donelli*, 616 F. Supp. 2d 299 (N.D.N.Y. 2007) (granting motion to dismiss due process, equal protection, and Eighth Amendment claims stemming from prison officials' denial of prisoner's request to visit his wife on her deathbed and to attend her funeral).[3]

---

[3] Not to the contrary is the Second Circuit's ruling in *McPherson v. Coombe*, 174 F.3d 276 (2d Cir. 1999), in which the court of appeals stated that "we may assume for purposes of summary judgment that if, in order to cause a particular inmate psychological distress, prison officials deny the inmate leave which is otherwise available to attend a parent's funeral, such conduct may in some circumstances constitute cruel and unusual punishment and therefore provide a claim for relief under section 1983." *Id.* at 280. The court of appeals in *McPherson* did no more than *assume*—rather than *hold*—that there would be a violation of the Eighth Amendment, and this assumption in

Finally, plaintiff asserts a state law claim for violation of Connecticut General Statutes § 17a-542. Because I am dismissing all of plaintiff's federal claims, I will decline in my discretion to exercise supplemental jurisdiction over the remaining state law claim. *See* 28 U.S.C. § 1367(c)(3); *see, e.g.*, *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 117–18 (2d Cir. 2013).

## CONCLUSION

The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). If plaintiff believes that he has a cognizable constitutional claim that is not subject to a defense of qualified immunity, plaintiff may file an amended complaint within 30 days, by December 28, 2016, that alleges sufficient facts to state a constitutional claim for relief and that names specific defendants who were personally responsible for the alleged constitutional misconduct.

It is so ordered.

Dated at New Haven this 28th day of November 2016.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

turn depended on specific facts—an intent by officials to cause a particular inmate psychological distress—that plaintiff has not plausibly pleaded here and that is indeed rebutted by the documents he has attached to his complaint. *See also Baker v. Dep't of Corr.*, 2015 WL 5227458, at *7 (D.N.J. 2015).